## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
**June 27, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**DONALD DILLON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0358** (BOR Appeal No. 2047724)
                    (Claim No. 2011030227)

**UNITED PARCEL SERVICE, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Donald Dillon, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Parcel Service, Inc., by Jeffrey Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 21, 2013, in which the Board affirmed an August 28, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed, in part, and reversed, in part, the claims administrator's June 6, 2011, decision which denied all treatment outside of the period from April 6, 2011, to May 23, 2011, and limited temporary total disability benefits from April 6, 2011, to May 23, 2011. In its Order, the Office of Judges also affirmed the claims administrator's August 22, 2011, decision which granted Mr. Dillon a 3% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dillon, a delivery driver, developed Achilles tendonitis in the course of his employment. He was first diagnosed with the condition on January 25, 2011. He was treated and released to return to work on light duty on January 28, 2011. Mr. Dillon testified in a deposition on February 21, 2012, that he was unable to return to work after January 28, 2011, because

1

United Postal Service, Inc., did not offer light duty and he was unable to perform his regular job duties. Mr. Dillon testified that he was treated by an out of network provider, Dr. Wood, in February of 2011. His supervisor then informed him that he was required to see an approved provider so Mr. Dillon was referred to Kevin Brown, D.P.M. Dr. Brown diagnosed Achilles bursitis or tendinitis and excused Mr. Dillon from work from April 6, 2011 to May 23, 2011.

Mr. Dillon underwent four independent medical evaluations in order to determine the amount of permanent impairment he sustained as a result of his compensable injury. Joseph Grady II, M.D., examined Mr. Dillon on July 26, 2011, and found that he had reached maximum medical improvement. He noted a slight decrease in range of motion in the right ankle and assessed 3% impairment. Prasadarao Mukkamala, M.D., and Phillip Surface, D.O., also found that Mr. Dillon had reached maximum medical improvement and had sustained 3% impairment from his compensable injury in their February 27, 2012, and May 9, 2012, independent medical examinations. On December 16, 2011, Victor Poletajev, D.C., found that Mr. Dillon had sustained 3% impairment for range of motion loss, 5% impairment for loss of muscle strength of dorsal flexion, and 2% impairment for loss of muscle strength of eversion for a combined total of 10% impairment.

On June 6, 2011, the claims administrator denied all treatment outside of the period from April 6, 2011, to May 23, 2011, and limited temporary total disability benefits from April 6, 2011, to May 23, 2011. In its August 22, 2011, decision, the claims administrator granted Mr. Dillon a 3% permanent partial disability award. In its August 28, 2012, Order, the Office of Judges affirmed the June 6, 2011, claims administrator's decision insofar as it limited temporary total disability benefits to the period from April 6, 2011, through May 23, 2011. It reversed and vacated the decision insofar as it denied all treatment outside of the period from April 6, 2011, through May 23, 2011. The Office of Judges also affirmed the August 22, 2011, claims administrator's decision. On appeal, Mr. Dillon asserts that he is entitled to temporary total disability benefits outside of the allowed time period as well as an additional 7% permanent partial disability award.

The Office of Judges found that Mr. Dillon failed to meet his burden of proof to demonstrate his entitlement to additional temporary total disability benefits because the exact period or periods of disability are unclear. The first report of injury listed the date of injury as February 7, 2011; however, the second report of injury and treatment records dated April 6, 2011, listed the date of injury as January 25, 2011. A return to work slip dated January 25, 2011, released Mr. Dillon to return to work on January 28, 2011, and he testified that he was unable to return because light duty was not available. However, the Office of Judges found that he also testified that working in snow aggravated his injury. This indicated to the Office of Judges that though Mr. Dillon testified he was off of work from January 28, 2011, to April 6, 2011, he worked at least part of that time. Mr. Dillon also testified that he rearranged his vacation time so that he would have extra time off in order to heal but the record does not indicate how long said vacation time lasted. Finally, the Office of Judges held that Mr. Dillon could not receive temporary total disability benefits from January 25, 2011, through January 28, 2011, pursuant to West Virginia Code § 23-4-1c(b) (2009) because he was not rendered unable to work for longer

than three days. Therefore, he was only entitled to temporary total disability benefits from April 6, 2011, to May 23, 2011.

The Office of Judges found that Mr. Dillon was entitled to no more than a 3% permanent partial disability award. It noted that there are four independent medical evaluations in the evidentiary record. Drs. Grady, Mukkamala, and Surface all found that Mr. Dillon sustained 3% whole person impairment as a result of his compensable injury. Dr. Poletajev opined that he sustained 10% whole person impairment. The Office of Judges found Dr. Poletajev's report to be unreliable because he appeared to measure the same impairment in different ways and his findings were notably dissimilar to the other examiners of record.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its March 21, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Though Mr. Dillon testified he was treated by Dr. Wood in February of 2011, Dr. Wood's treatment notes are not of record. There is no indication in the evidentiary record that he was taken off of work from January 28, 2011, to April 6, 2011, by any physician and he is therefore ineligible for temporary total disability benefits during that period of time.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II